UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ALLEN QUIGGLE, | : | **CASE NO. 1:11-CV-0652** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| SUPERINTENDENT COLEMAN, SCI-FAYETTE, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

On April 8, 2011, the petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The named respondent is SCI-Fayette Superintendent Coleman.

By Order dated April 13, 2011, the petitioner was advised, in accordance with *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), that (1) he can have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or

successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").  The petitioner was also forewarned that if he elected to withdraw his instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition.

The petitioner was provided with a Notice of Election form and directed to notify the court within thirty (30) days as to how he wished to proceed in this matter.

On April 25, 2011, the petitioner filed the Notice of Election form (Doc. 5) wherein he notified the court that he wishes to withdraw his instant petition for writ of habeas corpus so that he may file one, all-inclusive petition under 28 U.S.C. § 2254 within the one year time limit for filing such a

petition.[1]  He also acknowledged that the AEDPA statute of limitations might bar the filing of any such successive petition.

Based upon an application of the standards announced in *Miller and Mason* to petitioner's announced intention that he does not wish to proceed with his present petition, the court is precluded from ruling upon his action as filed.

Accordingly, it is recommended that the petition (Doc. 1) be dismissed without prejudice.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:    April 26, 2011.

---

1.  The petitioner is advised that calculation of the one year period in which to file his habeas petition is calculated solely by the criteria established under the AEDPA.